IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff Appellee,*

v.

THELMA MARSHELL ANDERSON,
*Defendant Appellant.*

On Direct Appeal from the United States District Court
for the Northern District of Texas
Dallas Division

# APPELLANT'S INITIAL BRIEF
PURSUANT TO *ANDERS V. CALIFORNIA*, 386 U.S. 738 (1967)

> JASON D. HAWKINS
> FEDERAL PUBLIC DEFENDER
>
> *s/ Maria Gabriela Vega*
> M. GABRIELA VEGA
> Assistant Federal Public Defender
> Tex. Bar No. 24084014
> 525 S. Griffin St., Ste. 629
> Dallas, TX 75202
> (214) 767-2746
> gabriela_vega@fd.org
> *Counsel for Thelma Marshell Anderson*

# CERTIFICATE OF INTERESTED PERSONS

I certify that the persons and entities below have an interest in the outcome of this case. These representations are made so that this Court may evaluate possible disqualifications or recusal.

District Judge:      The Honorable Ed Kinkeade

Magistrate Judge:     The Honorable Rebecca Rutherford
           The Honorable Brian W. McKay

Appellant:        Thelma Marshell Anderson

Federal Public Defender
Northern District of Texas:  Jason D. Hawkins

Defense Counsel:     Gabriela Vega
           Lynette S. Byrd
           Nick Oberheiden

United States Attorney
Northern District of Texas:  Ryan R. Raybould

Assistant U.S. Attorneys:  Gail Hayworth
           Ryan Patrick Niedermair

         *s/ Maria Gabriela Vega*
         M. Gabriela Vega

## STATEMENT ON ORAL ARGUMENT

I do not request oral argument. I have identified no issues of arguable merit and file this brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

# TABLE OF CONTENTS

Certificate of Interested Persons ................................................................. i

Statement on Oral Argument .................................................................. ii

Statement of Jurisdiction ........................................................................ 1

Issues Presented ...................................................................................... 2

Statement of the Case ............................................................................. 3

Summary of the Argument ...................................................................... 7

Argument .................................................................................................. 8

    I.    The guilty plea record presents no issues of arguable merit. ....... 8

        A.   Plain-error review applies. ..................................................... 8

        B.   Anderson cannot credibly claim that her plea was not knowing, voluntary, and supported by an adequate factual basis. ........................................................................................ 8

    II.   Anderson waived any arguable challenge on appeal. ............... 15

        A.   De novo review applies............................................................ 15

        B.   The government will invoke Anderson's waiver of appeal. ....... 15

        C.   The plea waiver's enumerated exceptions do not apply. ........... 16

           1.   Anderson cannot complain that her sentence exceeds the statutory maximum punishment.......................................... 16

           2.   No arithmetic error occurred at sentencing. ........................ 19

           3.   Anderson cannot claim that her guilty plea or the waiver of appellate rights was involuntary...................................... 20

    4.    Anderson cannot raise an ineffective assistance of counsel claim on this record. ................................................. 21

Conclusion ............................................................................. 22

Certificate of Service ............................................................. 23

Certificate of Compliance ...................................................... 25

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Anders v. California,*
    386 U.S. 738 (1967) ............................................................. 7, 22

*United States v. Acquaye,*
    452 F.3d 380 (5th Cir. 2006) ............................................ 16

*United States v. Aguilar,*
    503 F.3d 431 (5th Cir. 2007) ............................................ 21

*United States v. Baymon,*
    312 F.3d 725 (5th Cir. 2002) ............................................ 15

*United States v. Beydoun,*
    469 F.3d 102 (5th Cir. 2006) ............................................ 18

*United States v. Cuevas-Andrade,*
    232 F.3d 440 (5th Cir. 2000) ........................................ 8, 14

*United States v. Diaz,*
    989 F.3d 390 (5th Cir. 2021) ............................................ 21

*United States v. Dominguez Benitez,*
    542 U.S. 74 (2004) ...................................................... 12, 13

*United States v. Flores,*
    632 F.3d 229 (5th Cir. 2011) .............................................. 7

*United States v. Henry,*
    113 F.3d 37 (5th Cir. 1997) ........................................... 14, 15

*United States v. Higgins,*
    739 F.3d 733 (5th Cir. 2014) ............................................ 18

*United States v. Hildenbrand,*
    527 F.3d 466 (5th Cir. 2008) .............................................. 8

*United States v. Hughes,*
726 F.3d 656 (5th Cir. 2013)...................................................... 14, 15

*United States v. Johnson,*
1 F.3d 296 (5th Cir. 1993)............................................................ 12, 13

*United States v. Jones,*
969 F.3d 192 (5th Cir. 2020)............................................................ 8

*United States v. King,*
979 F.3d 1075 (5th Cir. 2020)...................................................... 12, 14

*United States v. Lara-Castro,*
561 F. App'x 346 (5th Cir. 2014) ...................................................... 14

*United States v. Logan,*
498 F. App'x 445 (5th Cir. 2012) ...................................................... 19

*United States v. Lujano-Perez,*
274 F.3d 219 (5th Cir. 2001)........................................................ 12, 13

*United States v. Martinez,*
496 F.3d 387 (5th Cir. 2007)............................................................. 1

*United States v. Miller,*
406 F.3d 323 (5th Cir. 2005)............................................................ 21

*United States v. Minano,*
872 F.3d 636 (5th Cir. 2017)............................................................ 19

*United States v. Reyes,*
300 F.3d 555 (5th Cir. 2002)............................................................. 8

*United States v. Sharma,*
703 F.3d 318 (5th Cir. 2012)............................................................ 18

*United States v. Vonn,*
535 U.S. 55 (2002) ......................................................................... 8

*United States v. West,*
137 F.4th 395 (5th Cir. 2025) ...................................................... 17, 18

*United States v. Yiping Qu,*
  618 F. App'x 777 (5th Cir. 2015) ........................................ 18

## Federal Statutes

18 U.S.C. § 3013(a)(2)(A) ...................................................... 17

18 U.S.C. § 3143 ............................................................. 15, 16

18 U.S.C. § 3231 .................................................................. 1

18 U.S.C. § 3553(a)(2)(B) ..................................................... 19

18 U.S.C. § 3559(a)(3) ......................................................... 16

18 U.S.C. § 3561(a) ............................................................. 16

18 U.S.C. § 3563(b) ............................................................. 19

18 U.S.C. § 3663A(a)(1) ....................................................... 17

18 U.S.C. § 3663A(c)(1)(A)(ii) ............................................... 17

18 U.S.C. § 3664(e) ............................................................. 18

18 U.S.C. § 3742 .................................................................. 1

28 U.S.C. § 1291 .................................................................. 1

## Rules

Fed. R. App. P. 4(b)(1)(A) ...................................................... 1

Fed. R. App. P. 4(b)(4) ........................................................... 1

FED. R. CRIM. P. 11(b)(1) .................................................... 9, 12

FED. R. CRIM. P. 11(b)(2) .................................................... 9, 12

FED. R. CRIM. P. 11(b)(3) .................................................... 9, 12

FED. R. CRIM. P. 11(c)(3)(A) .................................................. 12

FED. R. CRIM. P. 11(c)(4) ...................................................... 12

Fed. R. Crim. P. 11(h) .................................................................. 12

**Federal Sentencing Guidelines**

USSG §2B1.1(a)(1) ...................................................................... 20

USSG §2B1.1(b)(1)(C) ................................................................. 20

USSG §2B1.1(b)(12) .................................................................... 20

USSG §3E1.1(a) ........................................................................... 20

USSG §4C1.1 ............................................................................... 20

USSG Ch. 5, Pt. A ....................................................................... 20

USSG §5B1.3(d)(3) ...................................................................... 19

USSG §5B1.3(d)(5) ...................................................................... 19

**Other Authorities**

Catharine M. Goodwin, *Federal Criminal Restitution* § 5:4
    (Aug. 2025) ........................................................................... 17

N.D. Tex. Miscellaneous Order No. 64 (Aug. 12, 2020) ........................... 19

# STATEMENT OF JURISDICTION

This is a direct appeal from a sentence imposed in a criminal case. The district court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

The district court entered its final judgment on March 5, 2025. ROA.35-41. Anderson filed her notice of appeal on March 31, 2025. ROA.42. Under Federal Rule of Appellate Procedure 4(b)(1)(A), the notice should have been filed no later than March 19, 2025. That said, the time limit is not jurisdictional. *United States v. Martinez*, 496 F.3d 387 (5th Cir. 2007). The notice of appeal also was filed within thirty days of judgment, so it can still be timely if there is excusable neglect or good cause. *See* Fed. R. App. P. 4(b)(4).

## ISSUES PRESENTED

1.     The district court committed no reversible error in accepting Anderson's guilty plea.

2.     Anderson's waiver of appeal bars the appeal of conviction and sentence, and the enumerated exceptions to the waiver do not apply.

# STATEMENT OF THE CASE

The Paycheck Protection Program (PPP) was a COVID-19 relief initiative, which the Small Business Administration (SBA), a federal government agency, administered. ROA.117-18. PPP was meant to provide forgivable loans to small businesses for payroll and certain other expenses, helping them maintain operations during the pandemic. ROA.118.

On February 4, 2021, Thelma Marshell Anderson applied for a PPP loan application on behalf of Thelma Lou LLC. ROA.119. In the application, Anderson falsely represented that the business had an average monthly payroll expense of $8,237 and supported the submission with a fabricated IRS Form 1040, Schedule C, claiming gross sales of $142,773 for tax year 2019. ROA.119. Based on these misrepresentations, on February 18, 2021, $20,817 in PPP loan proceeds were wired to Thelma Lou LLC's bank account. ROA.119. Anderson then used the funds for personal expenses, rather than for eligible business purposes. ROA.119. On October 4, 2021, Anderson submitted a PPP loan forgiveness application in which she falsely certified that the loan

proceeds had been spent on payroll costs. ROA.120. The lender granted

forgiveness on November 23, 2021. ROA.120.

On May 21, 2024, the federal government indicted Anderson on three

charges in connection with the Thelma Lou LLC PPC loan application.

ROA.7-16. Count One accused Anderson of committing wire fraud, in

violation of 18 U.S.C. § 3143. ROA.9-11. Counts Two and Three charged

violations of 18 U.S.C. § 1957. ROA.12-13. In exchange for dismissal of

the last two counts, Anderson pleaded guilty with a plea agreement to

Count One. ROA.77, 102-09. In the agreement, Anderson agreed to

"restitution for all loss resulting from the offense(s) of conviction and all

relevant conduct, in an amount to be determined by the Court." ROA.105.

Anderson also agreed to waive her "rights, conferred by 28 U.S.C. § 1291

and 18 U.S.C. § 3742, appeal the conviction, sentence, fine and order of

restitution or forfeiture in an amount to be determined by the Court,"

subject to limited enumerated exceptions. ROA.107.

At Anderson's guilty plea hearing, the presiding judge confirmed

Anderson's competence to plead guilty and the voluntariness of her plea.

ROA.67-69, 73, 77. In addition, the presiding judge confirmed that

Anderson signed the plea agreement, reviewed and understood its terms,

and wanted the district court to accept it. ROA.72-74. The presiding judge recommended that the district court accept Anderson's guilty plea, and the court later did so without objection. ROA.4, 33-34.

In the presentence investigation report (PSR), U.S. Probation, citing the Mandatory Victim Restitution Act of 1996, reported that a $20,871 restitution award to SBA was mandatory. ROA.120-21, 138. As for imprisonment, Probation calculated a guideline range of 4–10 months. ROA.136. Probation also noted that the offense qualified for a probationary sentence. ROA.137. The conditions of community supervision that Probation recommended are threefold. ROA.139-40. First, Probation recommended the mandatory conditions "listed at 18 U.S.C. § 3583(d) and Section 5D1.3(a) of the Guidelines Manual[.]" ROA.139-40. Next, Probation recommended the "Standard Conditions set forth by Miscellaneous Order No. 64[.]" ROA.140. Finally, Probation recommended special conditions requiring financial disclosure and mental health treatment due to the nature of the offense, mandatory restitution, and Anderson's mental health history. ROA.140-41.

Neither party objected to probation's guideline calculations. ROA.142-45. And at sentencing, the district court adopted the PSR and its

guideline calculations. ROA.85-86. The court also confirmed that Anderson agreed to the restitution. ROA.91-92, 96-97. The court expressed doubt that Anderson could manage her life and finances and warned her that if she violated, she would go to prison. ROA.93-96. Nonetheless, the court sentenced Anderson to four years of probation. ROA.97. As required, the court ordered Anderson to pay $20,871 to SBA. ROA.97, 99. The court also imposed all conditions recommended by Probation. ROA.98-99. Towards the end of the hearing, the court added a condition requiring Anderson to tour a penitentiary in light of its concern that Anderson would violate. ROA.99-100. Finally, the court dismissed the other two counts of the indictment on the government's motion. ROA.85, 99. In its judgment, the court correctly noted Anderson's guilty plea to 18 U.S.C. § 3143 and dismissal of the other counts. ROA.35.

## SUMMARY OF THE ARGUMENT

Following a conscientious examination of the record, I have identified no issues of arguable merit to pursue on appeal. *See United States v. Flores*, 632 F.3d 229, 231 (5th Cir. 2011) (citing *Anders v. California*, 386 U.S. 738, 744 (1967)).

# ARGUMENT

## I. The guilty plea record presents no issues of arguable merit.

### A. Plain-error review applies.

Ordinarily, this Court reviews compliance with Federal Rule of Criminal Procedure 11 de novo. *United States v. Cuevas-Andrade*, 232 F.3d 440, 443 (5th Cir. 2000). As for the "finding that there was a factual basis" for the plea, *United States v. Jones*, 969 F.3d 192, 196 (5th Cir. 2020), and the ultimate "acceptance of a guilty plea," *United States v. Hildenbrand*, 527 F.3d 466, 475 (5th Cir. 2008), this Court reviews for clear error. But when raised for the first time on appeal, Rule 11 challenges are subject to plain-error review. *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002) (citing *United States v. Vonn*, 535 U.S. 55, 59 & 62-74 (2002)). Anderson did not object, so at minimum she must show a clear or obvious error that affects her substantial rights. *Reyes*, 300 F.3d at 558.

### B. Anderson cannot credibly claim that her plea was not knowing, voluntary, and supported by an adequate factual basis.

At rearraignment, the presiding judge must accomplish three primary tasks. First, the court must advise and question the defendant concerning the nature of the charge, the right to trial, and the consequences of a

guilty plea. *See* FED. R. CRIM. P. 11(b)(1). Second, the court must confirm

that the plea is voluntary. FED. R. CRIM. P. 11(b)(2). Third, the court "must

determine that there is a factual basis for the plea." FED. R. CRIM. P.

11(b)(3).

With Anderson's consent, a magistrate judge presided over her plea

colloquy. ROA.63. The magistrate judge ultimately found Anderson "fully

competent and capable of entering an informed plea." ROA.79. The

magistrate judge also found that Anderson's "plea of guilty" was

"knowing and voluntary and [] supported by an independent basis in fact

that contains each of the essential elements charged" against her.

ROA.79. The magistrate judge recommended accepting Anderson's guilty

plea, and Anderson did not object. ROA.33. The district court later

accepted Anderson's guilty plea. ROA.34.

No reversible error appears either in the guilty plea colloquy or the

district court's decision to accept the plea and enter conviction under 18

U.S.C. § 3143. The magistrate judge substantially complied with Rule 11

as shown below:

| Required admonition or determination | Rule | Record |
|---|---|---|
| the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath | FED. R. CRIM. P. 11(b)(1)(A) | ROA.62 |
| the right to plead not guilty, or having already so pleaded, to persist in that plea | FED. R. CRIM. P. 11(b)(1)(B) | ROA.63 |
| the right to a jury trial | FED. R. CRIM. P. 11(b)(1)(C) | ROA.63 |
| the right to be represented by counsel—and if necessary have the court appoint counsel—at trial and at every other stage of the proceeding | FED. R. CRIM. P. 11(b)(1)(D) | ROA.63 |
| the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses | FED. R. CRIM. P. 11(b)(1)(E) | ROA.64 |
| the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere | FED. R. CRIM. P. 11(b)(1)(F) | ROA.64 |
| the nature of each charge to which the defendant is pleading | FED. R. CRIM. P. 11(b)(1)(G) | ROA.70-71 |
| any maximum possible penalty, including imprisonment, fine, and term of supervised release | FED. R. CRIM. P. 11(b)(1)(H) | ROA.71-72 |

| Required admonition or determination | Rule | Record |
|---|---|---|
| any mandatory minimum penalty | FED. R. CRIM. P. 11(b)(1)(I) | N/A<br><br>ROA.151 |
| any applicable forfeiture | FED. R. CRIM. P. 11(b)(1)(J) | ROA.72 |
| the court's authority to order restitution | FED. R. CRIM. P. 11(b)(1)(K) | ROA.71-72 |
| the court's obligation to impose a special assessment | FED. R. CRIM. P. 11(b)(1)(L) | ROA.71 |
| in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a) | FED. R. CRIM. P. 11(b)(1)(M) | ROA.65-67 |
| the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence | FED. R. CRIM. P. 11(b)(1)(N) | ROA.76-77 |
| if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future | FED. R. CRIM. P. 11(b)(1)(O) | N/A<br><br>*See* ROA.115 |
| the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement) | FED. R. CRIM. P. 11(b)(2) | ROA.73, 77 |

| Required admonition or determination | Rule | Record |
|---|---|---|
| a factual basis for the plea | FED. R. CRIM. P. 11(b)(3) | ROA.28-30, 77-79 |
| the court may accept the plea agreement, reject it, or defer a decision until the court has reviewed the presentence report | FED. R. CRIM. P. 11(c)(3)(A) | ROA.75 |
| If the court accepts the plea agreement, the agreed disposition will be included in the judgment | FED. R. CRIM. P. 11(c)(4) | *See below* |

Even if the record does not demonstrate strict adherence to Rule 11, "no failure in the plea colloquy…mandate[s] an automatic reversal of a conviction and vacatur of a sentence." *United States v. Johnson*, 1 F.3d 296, 298 (5th Cir. 1993). "Rule 11 proceedings do not require perfection; they require that a defendant be properly informed so that he may knowingly and voluntarily enter his plea." *United States v. King*, 979 F.3d 1075, 1080 (5th Cir. 2020) (citing *United States v. Dominguez Benitez*, 542 U.S. 74, 83 n.9 (2004)). "[T]alismanic phrases" or "rote recitation" are unnecessary, *King*, 979 F.3d at 1079, and "[a]ny variance…is subject to a harmless-error analysis," *United States v. Lujano-Perez*, 274 F.3d 219, 224 (5th Cir. 2001) (citing FED. R. CRIM. P. 11(h)). To warrant vacatur, a Rule 11 error must have "affected the defendant's substantial rights such

that 'knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty.'" *Lujano-Perez*, 274 F.3d at 224 (quoting *Johnson*, 1 F.3d at 302). Indeed, because Anderson neither objected nor moved to withdraw her guilty plea, Anderson must "show a reasonable probability that, but for the error, [s]he would not have entered the plea." *Dominguez Benitez*, 542 U.S. at 76.

Admittedly, the court varied from Rule 11. The presiding judge advised Anderson of her right to counsel but omitted that she had the right to have counsel appointed and to have representation at every stage of the proceeding (not just at the guilty plea hearing or at the trial she was waiving). The judge also discussed with Anderson her trial rights but did not specifically note Anderson's right to remain silent. Lastly, the judge failed to advise Anderson that if the court accepted Anderson's plea agreement, its agreed disposition would be included in the judgment.

None of these issues, however, warrant relief. First, the plea colloquy establishes Anderson's competence to plead guilty and the voluntariness of her plea. *See* ROA.67-69, 73, 77. The acknowledgment of the statutory range is an important factor for establishing the voluntariness of the plea

as well, *King*, 979 F.3d at 1080, and the court properly advised Anderson of the penalty range, ROA.71-72. In addition, the presiding judge confirmed that Anderson signed the plea agreement, reviewed and understood its terms, and wanted the district court to accept it. ROA.72-74. Furthermore, Anderson cannot demonstrate prejudice. Anderson had actual notice of her right against compelled self-incrimination in her plea agreement. *See United States v. Lara-Castro*, 561 F. App'x 346, 349 (5th Cir. 2014) (citing *Cuevas–Andrade*, 232 F.3d at 444–45). She was represented by counsel at sentencing. ROA.84-85. And she successfully petitioned for appointed counsel on appeal. ROA.52-53. Finally, the court's judgment included the dismissal of the other counts in the indictment. ROA.35.

The record, including "Rule 11 hearing transcript," thus does not "suggest any way in which the district court's failure[] to advise" Anderson of the matters noted above "creates any reasonable doubt as to the voluntariness and intelligence of the plea." *United States v. Henry*, 113 F.3d 37, 42 (5th Cir. 1997). Because Anderson cannot "direct this court to any portion of the record supporting the proposition" that the outlined variances from Rule 11 "affected [her] plea decision," *United*

*States v. Hughes*, 726 F.3d 656, 662 (5th Cir. 2013) (internal quotes omitted), Anderson cannot show an effect on her substantial rights, *cf. Henry*, 113 F.3d at 42, or that any error warrants reversal, *cf. Hughes*, 726 F.3d at 662.

The district court also did not commit error in determining that there was an adequate factual basis for Anderson's guilty plea. ROA.28-30, 77-79. Anderson pleaded guilty to wire fraud, in violation of 18 U.S.C. § 3143. The presiding judge correctly advised Anderson of the elements of this offense. *Compare* Fifth Circuit Pattern Jury Instruction (Criminal) No. 2.57 (2024) *with* ROA.70-71. The written proffer also established each element. ROA.28-30, 77-79.

## II.  Anderson waived any arguable challenge on appeal.

### A.  De novo review applies.

This Court reviews the scope and enforceability of an appeal waiver de novo. *United States v. Baymon*, 312 F.3d 725, 729 (5th Cir. 2002).

### B.  The government will invoke Anderson's waiver of appeal.

In exchange for Anderson's guilty plea, the government agreed to "not bring any additional charges…based upon the conduct underlying and related to" Anderson's "plea of guilty." ROA.106. It also promised to "dismiss, after sentencing, any remaining charges in the pending

indictment." ROA.106. The government complied with its promise at sentencing. ROA.99.

On December 16, 2025, Assistant United States Attorney Gail Hayworth confirmed that the government would invoke Anderson's appellate waiver in an email exchange. *See United States v. Acquaye*, 452 F.3d 380, 382 (5th Cir. 2006).

## C. The plea waiver's enumerated exceptions do not apply.

Anderson waived her right "to appeal the conviction, sentence , fine and order of restitution or forfeiture in an amount to be determined by the Court." ROA.107. This waiver contains only four enumerated exceptions: "(a)...a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing; (b) [a] challenge [to] the voluntariness of [Anderson's] plea of guilty or this waiver; and (c)...a claim of ineffective assistance of counsel." ROA.107. No claim within the scope of these reserved rights appears in the record.

### 1. Anderson cannot complain that her sentence exceeds the statutory maximum punishment.

The district court sentenced Anderson to four years of probation. ROA.97. This falls within the applicable statutory maximum. *See* 18 U.S.C. § 3143, 18 U.S.C. § 3559(a)(3) , 18 U.S.C. § 3561(a). The district

court also imposed a $100 special assessment, as mandated for individuals convicted of a felony. ROA.98, 18 U.S.C. § 3013(a)(2)(A). the court imposed no fine. ROA.98. The only two remaining aspects of Anderson's sentence are the $20,871 restitution award and the conditions of probation. ROA.97-99.

This Court has been somewhat inconsistent on whether or when a waiver of appeal bars a challenge to a restitution award. *See United States v. West*, 137 F.4th 395, 399–401 (5th Cir. 2025) (attempting to reconcile conflict in precedent). Even so, Anderson cannot mount a successful challenge to this award. To start, Probation had reported that the Mandatory Victim Restitution Act (MVRA) of 1996 applied, and the court cited that statute in its judgment. ROA.38, 138. The MVRA requires the payment of restitution to identifiable victims of certain offenses who have suffered a pecuniary loss. 18 U.S.C. § 3663A(a)(1). And Anderson can make no credible claim that the MVRA does not apply to her offense. *See* 18 U.S.C. § 3663A(c)(1)(A)(ii). Nor can she claim that the government does not qualify as a victim under the statute. *See* Catharine M. Goodwin, *Federal Criminal Restitution* § 5:4 (Aug. 2025) (collecting authorities). That leaves only the restitution award's amount.

"The MVRA limits restitution to the actual loss directly and proximately caused by the defendant's offense of conviction." *United States v. Sharma*, 703 F.3d 318, 323 (5th Cir. 2012). Courts must determine the proper amount of restitution by a preponderance of the evidence. 18 U.S.C. § 3664(e). The government has the burden of proving victim's loss and that the loss resulted from the defendant's conduct. *United States v. Beydoun*, 469 F.3d 102, 107 (5th Cir. 2006). Anderson stipulated that she received $20,871 as a result of her fraudulent loan application. ROA.29. Probation also reported these facts in the PSR. ROA.119. That suffices to demonstrate that the district court engaged in the requisite proximate cause analysis; any challenge to the award's amount beyond that was waived. *See West*, 137 F.4th at 400–01.

This Court has also taken inconsistent positions on whether challenges to conditions of community supervision survive the appellate waiver. *Compare United States v. Higgins*, 739 F.3d 733, 739 (5th Cir. 2014) *with United States v. Yiping Qu*, 618 F. App'x 777, 780 (5th Cir. 2015). But Anderson cannot credibly challenge the conditions imposed as plainly exceeding statutory authority. The conditions either are (1) mandatory, (2) incorporated into the Northern District of Texas's

standing order, or (3) do not plainly exceed statutory authority. *See* 18 U.S.C. § 3563(b); N.D. Tex. Miscellaneous Order No. 64 (Aug. 12, 2020). The record supports the financial disclosure and mental health conditions. *See* ROA.118-21, 130. *See also* U.S. Sᴇɴᴛ'ɢ Cᴏᴍᴍ'ɴ, Gᴜɪᴅᴇʟɪɴᴇꜱ Mᴀɴᴜᴀʟ (USSG) §5B1.3(d)(3) (Nov. 2024), USSG §5B1.3(d)(5). Lastly, the court varied downward to impose a term of probation in lieu of imprisonment. *See* ROA.136-37. Thus, Anderson cannot credibly argue that the court could not, as a condition of probation, order Anderson to tour a penitentiary to advance the goal of deterrence. ROA.95-96, ROA.99-100, 18 U.S.C. § 3563(b)(22); 18 U.S.C. § 3553(a)(2)(B).

### 2. No arithmetic error occurred at sentencing.

An "'arithmetic error'" means "an error involving a mathematical calculation." *United States v. Logan*, 498 F. App'x 445, 446 (5th Cir. 2012). A claim challenging the application of the Guidelines "is *not* a claim involving…arithmetic error." *Logan*, 498 F. App'x at 446 (emphasis added); *see also United States v. Minano*, 872 F.3d 636, 636 (5th Cir. 2017) ("By attacking the district court's § 2B1.1 assessment, Minano challenges the court's application of that Guideline, not the correctness of its

arithmetic."). Anderson cannot challenge the court's application of the guidelines due to the waiver. And as a matter of pure arithmetic, Probation correctly calculated the total offense level:

| Count 1: Wire Fraud | | | |
|---|---|---|---|
| Calculation | Levels | USSG | Record |
| Base Offense Level | 7 | §2B1.1(a)(1) | ROA.124 |
| Specific Offense Characteristic | +4 | §2B1.1(b)(1)(C) | ROA.124 |
| Specific Offense Characteristic | +2 | §2B1.1(b)(12) | ROA.124 |
| Adjusted Offense Level | 13 | | ROA.124 |
| Zero-Point Offender | -2 | §4C1.1 | ROA.124 |
| Acceptance of Responsibility | -2 | §3E1.1(a) | ROA.124 |
| Total Offense Level | 9 | | ROA.124 |

Because Anderson had no prior sentences, the criminal history category (CHC) was I. ROA.125. According to the sentencing table, Offense Level 9 CHC I corresponds to the 4–10 months recommended range. *Compare* ROA.136 *with* USSG Ch.5, Pt.A.

> **3. Anderson cannot claim that her guilty plea or the waiver of appellate rights was involuntary.**

Anderson explained above why the record does not support a voluntariness challenge to the waiver or the plea. *See* Pt. I.B.

### 4. Anderson cannot raise an ineffective assistance of counsel claim on this record.

The "general rule in this circuit is that claims of ineffective assistance will not be considered on direct appeal when, as here, it was not raised in the district court, because there has been no opportunity to develop record evidence on the merits of the claim." *United States v. Miller*, 406 F.3d 323, 335–36 (5th Cir. 2005) (cleaned up). *See also United States v. Diaz*, 989 F.3d 390, 396 (5th Cir. 2021) (quoting *United States v. Aguilar*, 503 F.3d 431, 436 (5th Cir. 2007)). Anderson confirmed her satisfaction with defense counsel in her plea agreement and at rearraignment. ROA.69, 107-08. The record also contains no complaints about counsel's performance post-plea. Consequently, any ineffective assistance of counsel claim on direct appeal under this record would fail.

## CONCLUSION

In accordance with *Anders v. California*, 386 U.S. 738 (1967), I examined the record for issues that might support an appeal. Finding none, I hereby move to withdraw.

Respectfully submitted,

JASON D. HAWKINS
FEDERAL PUBLIC DEFENDER

*s/ Maria Gabriela Vega*
M. GABRIELA VEGA
ASSISTANT FEDERAL PUBLIC DEFENDER
Tex. Bar No. 24084014
525 S. Griffin St., Ste. 629
Dallas, TX 75202
(214) 767-2746
Gabriela_Vega@fd.org

## CERTIFICATE OF SERVICE

I certify that on December 18, 2025, I filed this brief electronically in the Court's ECF system. Opposing counsel has therefore been served under Fifth Circuit Rule 25.2.5. I also certify that: (1) any required privacy redactions have been made; (2) the electronic submission is an exact copy of the paper document; and (3) this document has been scanned for viruses by Trend Micro Security Agent, a commercial virus scanning program, and it is free of viruses.

I also certify that I have reasonably attempted to communicate (by sending a letter to the client), in a manner and a language understood by Thelma Marshell Anderson: (i) that I fully examined the record and reviewed the relevant law and there are no meritorious issues for appeal; (ii) that I therefore moved to withdraw; (iii) that if granted, the motion will result in dismissal of the appeal; but (iv) Ms. Anderson has the right to file a response in English, opposing my motion within 30 days of the filing of my certificate of service. *See United States v. Moreno-Torres*, 768 F.3d 439, 441 n.2 (5th Cir. 2014). A copy of the Anders brief will be sent

to Thelma Marshell Anderson, 3416 Country Club Dr. W #122, Irving, TX
75038.

_s/ Maria Gabriela Vega_

M. Gabriela Vega

# CERTIFICATE OF COMPLIANCE

I certify this brief complies with the length limitation announced in Rule 32(a)(7)(B), because it contains 3,539 words.

This brief complies with the typeface and type style requirements because it has been prepared in Microsoft Word using the proportionally spaced typeface Century, in a 14-point font size in the body of the brief, and a 12-point font size in the footnotes.

I understand a material misrepresentation in completing this certificate, or circumvention of the length limitations in Federal Rule of Appellate Procedure 32(a)(7), may result in the Court striking the brief and imposing sanctions.

*s/ Maria Gabriela Vega*
M. Gabriela Vega